## L. E. WHITHAM & CO. v. BRIGGS' ESTATE.
### No. 1645—6081.

Commission of Appeals of Texas, Section A.
March 22, 1933.

Milburn E. Nutt and R. Wayne Frank, both of Wichita Falls, for plaintiff in error.

Mathis & Caldwell, of Wichita Falls, for defendant in error.

HARVEY, Presiding Judge.

This suit was brought by Mrs. Nora Briggs against L. E. Whitham & Co. to clear her title to two city lots of the cloud alleged to be cast by a paving lien claimed by the company. As ground for such relief she alleged that the two lots constituted her homestead, and she was actually residing there when the paving proceedings occurred and the paving lien was declared. The Whitham Company set up in its answer a cross-action in which it sought recovery on the paving certificate held by the company, with foreclosure of the paving lien on said lots. The trial court gave judgment for Mrs. Briggs, and the Court of Civil Appeals affirmed that judgment. 41 S. W.(2d) 150. The case is here on writ of error sued out by the company.

The only question in the case has reference to the homestead claim asserted by Mrs. Briggs. The relevant facts are undisputed. They are substantially as follows:

The lots in question are situated in the city of Wichita Falls, and the paving of the street, and the proceedings in that respect, occurred in the year 1926. Mrs. Briggs resided on the lots at the time, and had resided there since the year 1918. In 1914, she contracted for the purchase of said lots on the installment plan. The lots were then unimproved, and she bought them for the purpose of improving and occupying them as a home. At that time, her family consisted of herself and a minor son, who was then some five or six months under 21 years old. She owned no other real estate, and has not owned any other since that time. She and her son lived in a rented house which was in no wise connected with the lots in question, and continued to reside there until the year 1918. In February of the last-mentioned year, she finished paying the purchase money for the lots, and received a deed therefor. In the meantime, she and her son lived at the other place, but she always definitely intended to improve the said lots for a home as soon as she became financially able to do so. Her son continued to live with her until some time in 1919, when he married and moved away. However, during the World War he served as a soldier in the United States Army. At all times after the son became of age, he was able-bodied, and capable of supporting himself. Both he and his mother earned money, and each contributed to their common support. Mrs. Briggs was capable of supporting herself and did support herself. While her son was a soldier in the army, she sent him, at various times, sums of money which she had earned. Some time in the year 1918, after she received her deed to the lots, she, for the first time, began to improve the lots. She contracted with a building company to build a dwelling house on the lots, and she moved on them and lived in a tent until the dwelling house was completed, when she moved into the dwelling house. Before she moved on the lots she planted some trees and shrubbery on them.

■ The controlling question in the case is whether or not Mrs. Briggs and her son, in the year 1918, constituted a "family" within the meaning of section 50 of article 16 of the state Constitution.

In order to constitute a "family," within the meaning of the Constitution, there must be a "legal or moral obligation on the head to support the other members" and a "corresponding state of dependence on the * * * other members for this support." Roco v. Green, 50 Tex. 483. Plainly the relation that existed between Mrs. Briggs and her son in 1918 does not meet this test. It would be

unreasonable to hold that a mother is under any legal or moral obligation to support her adult son, who is able-bodied and capable of supporting himself. Nor can it reasonably be said that the mother, who is capable of supporting herself and does support herself, is dependent on her son for support.

The fact that Mrs. Briggs, while her son was a minor, conceived the purpose of making the lots their home, does not alter the case. Mere intention on the part of the head of a family to use property for the family home does not impress the property with the homestead character. After the son of Mrs. Briggs became an adult, there was no "family"; therefore it necessarily follows that the lots could not then become the family homestead.

We therefore recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be reversed, and that the cause be remanded, with instructions to the trial court to enter judgment for the plaintiffs in error in accordance with this opinion.

CURETON, Chief Justice.

Judgments of the Court of Civil Appeals and of the district court are both reversed, and cause remanded to the district court, with instructions, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.