**In the Matter of Roy Stewart NUNNALLY, Bankrupt.**

**Mary Elizabeth NUNNALLY, Appellant-Cross Appellee,**

v.

**Roy Stewart NUNNALLY, Appellee-Cross Appellant.**

**No. 74–1361.**

United States Court of Appeals, Fifth Circuit.

Jan. 8, 1975.

Rehearing and Rehearing En Banc Denied Feb. 13, 1975.

Gerard P. Nugent, Austin, Tex., for appellant-cross appellee.

E. O. Rinehart, Jr., Austin, Tex., for appellee-cross appellant.

Before DYER, SIMPSON and GEE, Circuit Judges.

GEE, Circuit Judge:

In October 1972, Roy Stewart Nunnally filed a voluntary petition in bankruptcy. His principal creditor and the one pursuing this appeal is his former wife, Mary Elizabeth Nunnally, whose claim stems from earlier divorce proceedings. In granting divorce, the court had divided the separate and community property between the spouses under the authority of Section 3.63 of the Texas Family Code, V.T.C.A. In addition to various items of personal property and title to real estate, Mary Elizabeth Nunnally was awarded 60% of certain life insurance policies, $46,779.41 representing an advance to the community from her separate estate, and $5,000 in attorney's fees incurred as a result of the divorce proceedings. The trial court granted Mrs. Nunnally a lien on Roy Nunnally's remaining interest in his Navy retirement benefits to secure the $46,779.41.[1]

A few months later Nunnally's petition in bankruptcy presented Mrs. Nunnally with the possibility that parts of the divorce decree might be rendered of little worth. Those fears were reinforced by the bankruptcy referee's decision and the district court's affirmance. The referee found that the Navy retirement benefits becoming due after the filing of the voluntary petition in bankruptcy were not property passing to the trustee in bankruptcy. Further, he held that the $41,779.41 was a dischargeable debt, as was the award of attorney's fees. Mrs. Nunnally's application for a stay of the bankruptcy proceedings to permit her to proceed in state court to enforce her lien against the Navy retirement pension was denied. Mrs. Nunnally appeals these decisions, while Mr. Nunnally complains of the referee's finding that the life insurance policies were not exempt from creditors under Vernon's Tex.Rev.Civ.Stat.Ann. art. 3832a.

Under Section 70a(5) of the Bankruptcy Act, 11 U.S.C. § 110(a)(5), the trustee of the bankrupt's estate is vested on appointment with title to all property of the bankrupt which could have been transferred by the bankrupt or which could have been levied upon prior to the filing of the petition in bankruptcy. This provision is a broad one, covering vested rights in property, both of corporeal and incorporeal nature. 1A Collier Bankruptcy Manual ¶ 70.11 at 946 (2d ed. rev. I. Hall & R. D, Agostino 1974) [hereinafter cited as Collier]. It is too late in the day to find that vested interests in retirement pensions are not property rights. Texas divorce courts so regard them, Busby v. Busby, 457 S.W.2d 551 (Tex.1970), and by implication the federal government does also. For example, specific federal legislation exempts benefits due under laws administered by the Veterans' Administration from attachment, levy or seizure.

1. The trial court gave 48% of the Navy retirement pension payments to Mrs. Nunnally. Fifty-two percent was awarded to Mr. Nunnally.

38 U.S.C. § 3101. Similar exemptions exist for railroad retirement benefits,[2] social security payments,[3] and military retired pay annuities.[4] These federal exemptions are of no benefit to the bankrupt in this case. Exemption is a matter of federal or state legislative grace. Either through legislative oversight or through intentional deletion, Congress has failed to provide that Navy retirement pensions are free from levy and attachment.[5] Nor is it provided by statute that pensions are not transferable. *See* Segal v. Rochelle, 382 U.S. 375, 381–385, 86 S.Ct. 511, 15 L. Ed.2d 428 (1966).

One argument remains for the bankrupt. Some interests, though "property," do not pass to the trustee for purposes of Section 70a(5). Lines v. Frederick, 400 U.S. 18, 91 S.Ct. 113, 27 L. Ed.2d 124 (1970). The pertinent considerations derive from the Bankruptcy Act itself. Section 70a(5) is defined to benefit creditors by transferring to the trustee everything the bankrupt has of value. Even if the interest is contingent or subject to postponed enjoyment, it may pass to the trustee. The interest must be "sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupt's ability to make an unencumbered fresh start that it should be regarded as 'property' under § 70a(5)." Kokoszka v. Belford, 417 U.S. 642, 94 S.Ct. 2431, 2434, 41 L.Ed.2d 374, 379 (1974); Segal v. Rochelle, 382 U.S. 375, 379–380, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). On the other hand, if the interest is "designed to function as a wage-substitute at some *future* period and, during that *future* period, to 'support the basic requirements of life for'" [the debtor], Kokoszka, *supra,* 417 U.S. at 648, 94 S.Ct. at 2435, 41 L.Ed.2d at 380, and removal of the interest would hamper the bankrupt's efforts to make a new start, the property does not pass to the trustee. The pension payments here fall in the second category; they are periodic payments made during a time when the pensioner may well have no or few other sources of income.

■■ Next, we treat the matter of whether the $41,779.41 awarded by the divorce court to Mrs. Nunnally was a dischargeable debt. All debts are dischargeable unless they are subject to the objections set out in Section 14c, 11 U. S.C. § 32(c) of the Act, 1 Collier ¶ 14.00, .02, or are exempt under Section 17, 11 U.S.C. § 35(a). 11 U.S.C. § 35(a)(7) provides:

> A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . are for alimony due or to become due, or for maintenance or support of wife or child . . ..

Although there is no permanent alimony in Texas, Francis v. Francis, 412 S.W.2d 29, 32 (Tex.1967), the divorce court is authorized at the time of the divorce to divide the separate and community property between the spouses in whatever manner the court deems equitable and just. Tex. Family Code Ann. § 3.63. Factors which the Texas courts may take into account in making the division and award "include the disparity of the *earning power* of the parties, as well as their business opportunities, . . . the physical condition of the parties, probable *future need for support,* and educational background; . . . [t]he fault in breaking up the marriage and the benefits innocent spouse would have received from a *continuation* of the marriage . . . .." Cooper v. Cooper, 513 S.W.2d 229, 233–234 (Tex.Civ.App.— Houston [1st Dist.] 1974, writ history

---

2. 45 U.S.C. § 228*l*.

3. 42 U.S.C. § 407.

4. 10 U.S.C. § 1440.

5. The bankrupt can only point to former 38 U.S.C. § 454a as authority for exemption. 1

Collier ¶ 6.07 at 6–13. This section is no longer in the United States Code; however, the corresponding provision in the present code is 38 U.S.C. § 3101. This section applies only to benefits rendered under laws administered by the Veterans' Administration, a requisite missing here.

unknown) (emphasis added). See also Keton v. Clark, 67 S.W.2d 437 (Tex.Civ. App.—Waco 1933, writ ref'd). Thus, it is clear support in the future can play a significant role in the divorce court's property division and that what may appear to be a mere division of assets may in fact, under a Texas decree, contain a substantial element of alimony-substitute, support or maintenance, however termed. The Texas Supreme Court has recognized that: "Support payments ordered to be made after divorce from the income from the husband's property, although considered alimony in many jurisdictions, is not considered alimony in this State." Francis v. Francis, 412 S. W.2d 29, 32–33 (Tex.1967). So recognizing, we should not be bound by the label which the state places on a decree; we must look to its substance. Here the award of $41,779.41 falls within the exception from discharge in Section 17.[6]

As for the attorney's fees awarded in the divorce proceedings, they are also protected from discharge.

Courts have held attorney's fees nondischargeable when awarded under a state statute allowing such fees as "alimony." [7] It is true that there is no statutory authority here; however, the Texas Supreme Court has based the award of attorney's fees on the same factors which guide the divorce court in dividing the property on hand between the spouses. "The attorney's fee is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances." Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002, 1005 (Tex.1950).[8] When put on those grounds, attorney's fees are indistinguishable from other parts of the divorce decree. They cannot be discharged. Since these debts cannot be discharged, the matter of a stay is moot.

As a final matter, bankrupt contends that his interest in the cash surrender value of six life insurance poli-

---

6. Bankrupt contends that we cannot find the $41,779.41 an award for support since it would then be void under Texas law as permanent alimony. In order for the order to be valid, he says, we must find a debt—a dischargeable one. Although it is doubtful that this is a proper forum for bankrupt to attack the divorce decree collaterally, bankrupt's argument founders on Texas case law. In Texas, permanent alimony is defined as "those payments imposed by a court order or decree on the husband as a personal obligation for support and sustenance of the wife after a final decree of divorce." Francis v. Francis, 412 S.W.2d 29, 33 (Tex. 1967). However, Texas courts are not quick to find that permanent alimony has been ordered, and we are *Erie*-bound to follow in their tracks. If the payments ordered are "referable to any property which either spouse may have owned or claimed," the award is valid. McBean v. McBean, 371 S.W.2d 930, 932 (Tex.Civ.App.—Waco 1963, writ history unknown). In *McBean*, the Waco Court of Civil Appeals held that requiring the husband to pay $100 per month to the wife for her life or until she remarried was valid as an offset against the community property awarded the husband. *See also* Zaruba v. Zaruba, 498 S.W.2d 695, 700

(Tex.Civ.App.—Corpus Christi 1973, writ dism'd) ; Gent v. Gmenier, 435 S.W.2d 293 (Tex.Civ.App.—Waco 1968, no writ) ; Bunker v. Bunker, 336 S.W.2d 751 (Tex.Civ.App. —San Antonio 1960, writ dism'd). The divorce court here stated specifically that Mrs. Nunnally was entitled to restoration of her separate *property*—$41,779.41. The sum was fixed; no periodic payments for an indefinite period of time were ordered. Mr. Nunnally received, among other items, 52% of his Navy retirement benefits. These benefits were valued at $222,000 in the voluntary petition for bankruptcy, so it is clear that there was property on hand, in Texas divorce court terms, to satisfy the debt. The cash award was made in lieu of granting Mrs. Nunnally additional property in kind. We do not think that the divorce decree suffers from the infirmity bankrupt presses upon us.

7. See 1 Collier ¶ 17.04 at 219.

8. This holding has been held to survive the enactment of the 1968 Texas Family Code. In re Marriage of Jackson, 506 S.W.2d 261, 268–269 (Tex.Civ.App.—Amarillo 1974, writ dism'd).

cies is exempt from creditors by virtue of Tex.Rev.Civ.Stat.Ann. art. 3832a.[9] That statute provided:

> The cash surrender value of any life insurance policy which has been in force more than two years, shall be exempt from liability for any debt, and shall not be subject to forced sale, or other process to satisfy any debt, provided a member or members of the family of the insured are the beneficiaries under such policy, and in event they are only partially the beneficiaries then such policies shall be so exempt to the extent of their beneficiary interest. This act shall not apply to debts arising under the policy nor to debts secured by lawful assignment of the policy.

Under Texas law interpreting the meaning of "family" for purposes of personal property and homestead exemptions, adult children other than unmarried daughters are not part of the family unit. Givens v. Hudson, 64 Tex. 471 (1885). In order for the mother to be regarded as a member of her adult son's family, there must be a legal or moral obligation to support on the part of one person, with corresponding dependency on the part of the other person. Stout v. Anthony, 254 S.W.2d 879 (Tex.Civ. App.—Amarillo, 1952, writ ref'd). Bankrupt has not shown himself legally or morally bound to support his mother. Likewise, he has not shown her dependence on him. Stout v. Anthony, *supra*. L. E. Whitham & Co. v. Briggs' Estate, 58 S.W.2d 49 (Tex.Comm'n App.1933, holding approved). *Cf.* Henry S. Miller Co. v. Shoaf, 434 S.W.2d 243 (Tex.Civ. App.—Eastland 1968, writ ref. n. r. e.).

The fact that bankrupt's children are contingent beneficiaries on the policies does not change our holding that the cash surrender values of the policies are not exempt. The statute speaks in terms of beneficiaries, not contingent beneficiaries. Moreover, we decline to adopt an interpretation of the statute which would allow a bankrupt—by the device of making family members fourth or fifth contingency beneficiaries, for example—to insulate assets from creditors when there may be only a very slight chance that members of the family unit or dependents will ultimately benefit. This would not further the aims of the statute.

Affirmed in part, reversed in part.

---

9. This statute was repealed effective January 1, 1974. However, it is preserved in Tex. Rev.Civ.Stat.Ann. art. 3836, pertinent sections of which are set out below:

    Art. 3836. [3785] [2395] [2335] Personal property exempt from satisfaction of liabilities

    (a) Personal property (not to exceed an aggregate fair market value of $15,000 for each single, adult person, not a constituent of a family, or $30,000 for a family) is exempt from attachment, execution and every type of seizure for the satisfaction of liabilities, except for encumbrances properly fixed thereon, if included among the following:

      \*      \*      \*      \*      \*

    (6) the cash surrender value of any life insurance policy in force for more than two years to the extent that a member or members of the family of the insured person or a dependent or dependents of a single, adult person, not a constituent of a family, is beneficiary thereof; . . . ..