Elizabeth Ann **HARBOUR**, Appellant,

v.

William T. **HARBOUR**, Sr., Appellee.

No. A2212.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 21, 1979.

Rehearing Denied Dec. 19, 1979.

G. Allen Price, Houston, for appellant.

Robert C. Floyd, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

This is an appeal from a final order of the trial court denying a post-judgment bill of discovery on the ground that the subject judgment had been discharged in bankruptcy and was therefore no longer enforceable. We affirm.

In the March 17, 1972, decree of divorce of appellant and appellee, appellant was awarded a $25,000.00 judgment as part of the court-ordered division of the community property of the parties. On May 11, of the same year appellee filed a petition in bankruptcy in which he listed as a debt of the estate the $25,000.00 judgment. His divorced wife appeared in bankruptcy court, filed a claim for the judgment, and received a liquidating dividend of $894.31 upon his discharge from bankruptcy on July 12, 1972.

On February 23, 1979, six and one half years later, appellant filed a bill of discovery claiming that the judgment was unpaid. On appellee's motion for protection, the court entered the order referred to above denying discovery and declaring the $25,000.00 judgment unenforceable.

Appellant, in her sole point of error, contends that under the rationale of *In re Nunnally*, 506 F.2d 1024 (5th Cir. 1975) the judgment debt was not a dischargeable debt within the meaning of Section 17 of the Bankruptcy Act of 1898. It is therein provided that among the debts which are not subject to discharge "are [those] for alimony due or to become due, or for maintenance or support of [a] wife . . .." Bankruptcy Act § 17(a), 11 U.S.C. § 35(a) (1970).

Despite the Texas Supreme Court's holding in *United States v. Stelter*, 567 S.W.2d 797, 798 (Tex.Sup.1978), that " '(a)limony' after divorce, as such, is not permitted in Texas," appellant urges that the *Nunnally* case controls the issue. There the court held that a property division may be a substitute for alimony and hence be nondischargeable in bankruptcy. Stating that ". . . we should not be bound by the label which the state places on a decree; we must look to its substance", 506 F.2d 1024, 1027, the federal appellate court held that

**830**

in that case the divorce award fell within the exception from discharge contained in Section 17.

It is interesting, if not decisive, to note that the *Nunnally* case originated as an appeal of the decision of the referee in bankruptcy, while in the case at hand the bankruptcy court's decree was unchallenged for over six years prior to the institution of the discovery proceedings.

■■■ It is generally recognized "that a property settlement agreement between spouses is dischargeable in bankruptcy, at least where it is truly or substantially a property agreement, and not an agreement for alimony, support or maintenance." Annot. 74 A.L.R.2d 758 (1960). Therefore, even under *Nunnally*, when a divorced spouse asserts that the claim has—or has not—been discharged in bankruptcy the order of the divorce court must be examined to determine whether the judgment comprises solely a property division or also includes an obligation to support. *In re Smith*, 436 F.Supp. 469 (N.D.Ga.1977). Had appellant contested the dischargeability of the judgment in the bankruptcy court in 1972, she would have had the burden of proving that the $25,000.00 debt was an obligation in the nature of alimony, support or maintenance. Bankruptcy Rule 407. She should have no less burden in the district court when asserting the continued viability of a discharged judgment. She has not discharged this burden. There is nothing in the record other than the March 17, 1972, divorce decree that is evidentiary on the issue. This decree indicates clearly that the $25,000.00 judgment was an integral part of the division of the community estate of the parties. Nothing therein smacks of alimony. The trial court did not err in sustaining the motion for protection and in holding the $25,000.00 award was discharged in the bankruptcy proceedings.

Judgment of the trial court is affirmed.