In re James Riley FOX and Wife,
Dorothy Louise Fox, Debtors.

Betty CARLILE, Plaintiff,

v.

James Riley FOX, Defendant.

Bankruptcy No. 479–00330.
Adv. No. 479–0010.

United States Bankruptcy Court,
N. D. Texas,
Fort Worth Division.

July 24, 1980.

**318**

R. Glen Wilson, Fort Worth, Tex., for plaintiff.

Arthur J. Brender, Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

The two issues in this case are whether the Defendant's obligation to pay the Plaintiff $250.00 monthly is excepted from his discharge and whether the payments are from funds held in trust for the Plaintiff. The monthly payments were awarded to the Plaintiff in a divorce decree entered on December 3, 1973. The decree provides, in pertinent part:

> One half (½) of JAMES R. FOX'S United States Air Force retirement to be paid in monthly installments of Two Hundred Fifty Dollars ($250.00) beginning July 6, 1977, said *award to be a debt* against JAMES R. FOX in a negotiated amount of Seventy Thousand Dollars ($70,000.00) based on his life expectancy and other factors, evidenced by a note of even date in favor of BETTY L. FOX. (emphasis added).

Fox, the Defendant in this action, defaulted in his note payments and his former wife, Betty Carlile, accelerated the note, brought suit in state court on it and obtained a default judgment. Defendant filed a bankruptcy case on October 4, 1979. On December 11, 1979, as a result of further state court action instituted by the Plaintiff, the Defendant was held in contempt of court and ordered to pay the Plaintiff $3,500.00 representing his current arrearage. The case was removed here under 28 U.S.C. § 1478(a).

The Plaintiff presents two arguments. First that the debt is non-dischargeable under 11 U.S.C. § 523 as an award to her for alimony, maintenance or support. In the alternative the Plaintiff argues that the $250.00 monthly payments represent property held in trust for her by the Defendant and therefore are not part of the Defendant's estate under 11 U.S.C. § 541.

The Defendant denies that the payments are held in trust and contends the indebtedness represents a dischargeable debt in connection with a property division rather than alimony, maintenance or support. Defendant further argues this court cannot go behind the divorce decree under the doctrine of res judicata and also that the decree is unambiguous and extrinsic or parol evidence cannot be used to vary its terms.

§ 541(a)(1) of the Bankruptcy Code includes in the estate of the debtor all legal and equitable interests held by the debtor. § 541(d) of the Bankruptcy Code provides that property in which the debtor holds legal but not equitable title is included only to the extent of the debtor's legal title thereby excluding any equitable interest. The Plaintiff argues that the monthly payments are held by the Defendant in a constructive trust and therefore are not part of his estate under that section of the Code.

The Bankruptcy Code provides no rules for determining the extent of the debtor's interest in property. Therefore, this court must look to state law to determine if the property is held in trust. 15 Collier on Bankruptcy ¶ 541.02 (1979). The

Plaintiff cites *Ex parte Juan J. Gorena*, 595 S.W.2d 841 (Tex.1979) and *Ex parte Anderson*, 541 S.W.2d 286 (Tex.Civ.App.1976, no writ hist.) in support of her trust argument.

*Gorena* and *Anderson* are the most recent in a line of cases beginning with *Ex parte Preston*, 162 Tex. 379, 347 S.W.2d 938 (1961) in which the constructive trust theory evolved in connection with the enforcement of divorce decrees requiring one spouse to deliver property to the other. In *Preston* the husband refused to obey a court order to pay $10,000.00 from the proceeds of the sale of community property into the registry of the court. In a habeas corpus proceeding seeking to avoid imprisonment for contempt, he argued his imprisonment was for a debt in contravention of Art. 1 § 18 of the Texas Constitution. The Supreme Court affirmed the contempt order and held he was constructively a trustee of assets awarded his ex-wife. *Ex parte Sutherland*, 526 S.W.2d 536 (Tex.1975) followed *Preston* and held the ex-husband to be trustee of the portion of his military retirement benefits awarded to his wife. At one point, there was confusion as to whether the husband was a trustee if ordered to deliver property directly to his ex-wife rather than into the registry of the court. See Greenhill and Beirne, *Habeas Corpus Proceedings in the Supreme Court of Texas*, 1 St. Mary's L.J. 1 (1969). The confusion was settled in *Gorena* when the Court approved the decision in *Anderson* that the husband is trustee of the funds even when the payments are made directly to the wife. There is, however, a distinction between requiring the ex-husband to pay a debt and requiring him to deliver property in his possession to his ex-wife.

In *Ex parte Yates*, 387 S.W.2d 377 (Tex. 1965) the Supreme Court reversed a contempt order in so far as it required the ex-husband to pay a debt to his ex-wife. The Court noted that the money to be paid must come from future earnings.

■ The obligation here is a debt. The amount of the note that the Defendant executed is calculated on fifty percent of his retirement based on his life expectancy and other factors not set forth in the judgment. It is not a simple case of his being required to turn over to her a percentage of the benefits as they are received by him. The obligation does not terminate if the Defendant dies or fails to receive the benefits. Further, the decree states the obligation is a debt. While it is true *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) and *In re Wright*, 584 F.2d 83 (5th Cir. 1978) allow the Bankruptcy Court to go behind a judgment to determine issues of dischargeability, (see discussion infra of Plaintiff's second argument) here the question is one of determining property rights and authority to go behind the judgment in this instance does not exist. Plaintiff's trust theory is denied.

The Plaintiff also argues that the debt is non-dischargeable under the provisions of 11 U.S.C. § 523. This section provides, in pertinent part:

> A discharge . . . does not discharge an individual debtor from any debt—
>
> (5) to a . . . former spouse . . for alimony to, maintenance for, or support of such spouse . . . in connection with a . . . divorce decree . . . but not to the extent that—
>
> (a) . . .
>
> (b) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support . . .

The Defendant presents two arguments in reply. The Defendant points out the divorce decree recites the obligation is a debt and argues the doctrine of res judicata prevents this court from going behind the decree. The Defendant also contends that the decree is unambiguous and that extrinsic or parol evidence cannot be used to contradict it.

■ The Supreme Court has decided the issue of res judicata contrary to Defendant's contention in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). The Court held that the Bankrupt-

cy Court was not confined to a review of the judgment and record in prior state court proceedings when determining the issue of dischargeability of a debt. As to the applicability of the parol evidence rule, in *In re Wright*, 584 F.2d 83 (5th Cir. 1978) the bankrupt contended that the Plaintiff's claim was not "property" to which the discharge could be excepted. The court held that extrinsic evidence could be used to determine that the underlying nature of the debt evidenced by a promissory note was services and not property.

■ It is well settled that this court must consider extrinsic evidence in this situation. The leading case in this circuit in determining the dischargeability of alimony and support obligations is *In re Nunnally*, 506 F.2d 1024 (5th Cir. 1975). In *Nunnally*, the Texas divorce court stated specifically that the award to Mrs. Nunnally of a lien on her ex-husband's Navy retirement benefits was to restore separate property she had advanced to the community estate. The Fifth Circuit looked behind this stated restoration and determined that elements of support and maintenance were involved and that the debt was non-dischargeable under 11 U.S.C. § 35(a)(7). *Nunnally* requires this court to look behind the decree and consider extrinsic factors to determine whether the support and maintenance of Betty Carlile were considered when the award was made. See *In re Smith*, 436 F.Supp. 469 (N.D.Ga. 1977).

■ The Defendant's final argument is that the indebtedness represents a dischargeable property division rather than a non-dischargeable award for maintenance and support. The legislative history surrounding the enactment of § 523 makes clear that what constitutes alimony, maintenance or support is to be determined under bankruptcy law rather than the state law. See H.R.Rep. No. 595, 95th Cong., 1st Sess. 363 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 77–79 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. § 523 is a substantial re-enactment of the exception to discharge for alimony, support or maintenance in § 17 of the Bankruptcy Act, 11 U.S.C. § 35(a)(7) (repealed). The *Nunnally* case, decided under the old law, recognized that although Texas courts do not award permanent alimony, considerations of support may play a significant role in the divorce court's division of the property and held the obligation there contained a ". . . substantial element of alimony-substitute, support or maintenance . . ." making it non-dischargeable. *Nunnally* at 1027.

*Nunnally* has been a difficult case to interpret and apply to other fact patterns and it has been somewhat overruled by the new Code. First, the language of the Code imposes a more stringent burden than *Nunnally*. The Code provides the award must be in the nature of alimony, support or maintenance *which means* that the award *essentially* must be for support or maintenance. Under *Nunnally*, it was enough if support considerations played a significant role in the determination of the award. Second, in *Nunnally* the Court did not discuss the facts; rather it appeared to determine that support played a significant role as a matter of law. A meaningful interpretation of *Nunnally* and of the Congressional intent in enacting § 523 requires looking at the facts of each case to determine whether the award is in the nature of alimony, support, or maintenance. Finally, *Nunnally* presents an all-or-nothing proposition; the award is either one of support or not. However, in examining a particular set of facts, it may be evident that only a portion of an award was in the nature of support and maintenance making only that particular part of the award non-dischargeable.

■ Since the nature of the claim underlying the debt determines the extent of the dischargeability, it is necessary to examine the agreement and all circumstances surrounding the creation of the liability to determine if the debt here is in the nature of alimony, maintenance, or support. The burden of proof is on the party asserting that the debt is non-dischargeable. Bankruptcy Rule 407. See *Harbour v. Harbour*, 590 S.W.2d 828 (Tex.Civ.App.1979, writ ref'd n. r. e.). In addition to the parties'

testimony as to their intent, some of the important factors in determining whether the ". . . liability is actually in the nature of alimony, maintenance, or support . . .", are the same as those which have been traditionally used by state courts to determine support needs. They are the disparity of earning power of the parties; business opportunities; level of education; physical health; probable future need for support; fault in breaking up the marriage; and benefits the innocent spouse would have received had the marriage continued. See *In re Nunnally*. The fact that the obligation ends with the remarriage of the recipient spouse or the death of either spouse or that the obligation is to be paid in installments over a long period of time indicate that the obligation is for support rather than part of a property settlement. *In re Smith; Melichar v. Ost*, 445 F.Supp. 1162 (D.Md.1977). The presence of one or more of these factors does not necessarily mean the obligation is one of support nor does the absence of one or more indicate the award is part of a property settlement. Determination of whether support or a property settlement is involved must be made on a case by case basis.

■ Considering all the facts, the liability in this case is in the nature of support for the Plaintiff. The parties had an uneven earning capacity. The wife was in obvious need of support. The Defendant was in a much better position to support himself than the Plaintiff who had essentially been a housewife. Her standard of living was sure to decline. The payments were to begin when the child support provided in the decree ended demonstrating future support needs were one consideration in making the award. The fact it was structured as a debt in the decree is immaterial. *In re Nunnally*. The expert testimony of Robert A. Wright, Judge of the 225th Judicial District Court of Texas explained the reason was because Texas law at the time the decree was entered was in a state of flux concerning the division of military retirement benefits. That confusion continued until 1976 when the Texas Supreme Court determined that the husband's right to a military pension, prior to accrual and maturity, could be ordered paid when received by the husband. See *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976). Until this time, obligations such as the one here were often constructed as promissory notes to provide a means for their enforcement. I find the obligation is in the nature of support for the Plaintiff and is not discharged.