**In re John C. CALHOUN, Debtor.**

**Peggy Martin CALHOUN, Plaintiff,**

**v.**

**John C. CALHOUN, Defendant.**

**Bankruptcy Nos. 5–86–01896, 87–5035.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Oct. 26, 1987.

## MEMORANDUM OPINION

R. GLEN AYERS, Jr., Chief Judge.

This is a dispute arising under *In re Nunnally,* 506 F.2d 1024 (5th Cir.1975) and associated cases concerning the dischargeability of a debt incident to a decree of divorce.

In a bench trial in state district court, Peggy Martin Calhoun was awarded the sum of $150,000.00 payable in $1,500.00 installments plus accrued interest at twelve percent (12%) representing her interest in the accounting business of John C. Cal-

houn. John C. Calhoun subsequently filed bankruptcy, and Peggy Martin Calhoun objected to the discharge of this debt, alleging that the debt was in the nature of alimony or support.

Considering the factors established by the Bankruptcy Courts of Texas and the Fifth Circuit Court of Appeals, it is clear that a portion of this award was in the nature of support of Peggy Martin Calhoun. The facts are undisputed that as of the date of the petition, Peggy Martin Calhoun was not employed, although she has subsequently gone into business for herself. During the marriage she earned some small sums from personal businesses, but not enough to support herself. She is less well-educated than her ex-husband. The decree of divorce specifically adjudged Mr. Calhoun to be at fault. Because she had little or no income at the time of the divorce and few prospects, her need for support was clear at that time. Income from Mr. Calhoun's business would benefit her as the innocent spouse had the marriage continued. These are the factors which *Nunnally* requires this Court to consider. *See In re Nunnally*, 506 F.2d 1024 (5th Cir.1975). *See also In re Fox*, 5 B.R. 317, (Bankr.N.D.Tex.1980).

While circumstances may have changed since the date of the divorce, such changes may not be considered by this Court. The nature of the debt was fixed as of the date of the state court decree. *See Harrell v. Harrell (In re Harrell)*, 754 F.2d 902 (11th Cir.1985). *See Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103, 1007–08 (6th Cir. 1983).

It is also clear that only a portion of the $150,000.00 note represented an actual division of the community property. The bench trial in state district court awarded various assets to the parties on a fairly even fifty/fifty basis. However, the testimony at the divorce trial was reasonably clear; the value of the accounting business should have been placed at much less than $300,000.00. The Court finds, after a review of the record before it and the record from the trial court as presented to it, that Peggy Martin Calhoun's actual interest in

the accounting practice of John C. Calhoun was one-half of $120,000.00 (the book value of the accounting business). Further, the receivables of that accounting business were, as of the date of divorce, incumbered by liens properly perfected and held by Mr. Calhoun's bank. Since Mrs. Calhoun assumed none of those liens, the value of her community interest in the accounting business was even less than $120,000.00. The parties have not offered testimony or evidence concerning how much less the accounting business should have been valued at, so the Court must assume that Peggy Calhoun's interest in the accounting business was one-half of $120,000.00 or $60,-000.00, and not the $150,000.00 awarded by the state district court.

In fact, the state district judge was deposed and testified that at least some portion of the value attributable to the accounting business was awarded after consideration of Peggy Calhoun's need for support. This would mean that Mrs. Calhoun received as her community interest in the accounting business, a note for $60,-000.00 and an award of support in the amount of $90,000.00. The $90,000.00 award is deemed nondischargeable under the *Nunnally* doctrine.

Since the date of divorce, John C. Calhoun has reduced the original $150,-000.00 obligation to the sum of $118,000.00. In this context, this Court, sitting as a court of law and equity, has determined that all payments made by John C. Calhoun prior to the date of bankruptcy shall be a apportioned pro rata between payments for support and payments on the community obligation. This means that there remains due and owing 78.6% of the debt created upon the dissolution of the community and represents Mrs. Calhoun's community claim. That claim is dischargeable. This also means that 78.6% of $90,000.00 or $70,-800.00 remains due and owing as an obligation for support which is not dischargeable under the *Nunnally* doctrine.

The judgment also required Mr. Calhoun to pay interest on this obligation at the rate of 12% interest per annum. In dividing community property, interest

would be appropriate since, as of the date of the dissolution of the marriage, Mrs. Calhoun would have been entitled to the present value of her community interest in the property. However, Mrs. Calhoun's need for support does not represent an item which should bear interest for there is no present value analysis to be applied in such a context. Therefore, the court has concluded that Mrs. Calhoun's non-dischargeable claim, in this case of $70,800.00, shall not earn interest under this order, but shall be paid at the sum of $1500.00 per week as set forth in the original decree of divorce until paid in full.

This opinion, the Court believes, is consistent with the testimony of the parties, the record in the divorce proceeding, and the testimony of the judge who heard the original divorce proceedings.

In this situation, as set forth in *Nunnally* and *In re Fox*, the Court bases its ruling upon the federal common law interpreting § 523(a)(5) of the Bankruptcy Code. This common law development, in the context of determination of dischargeability, is a legal doctrine. However, this Court sits both in law and in equity. In attempting to resolve the conflicting standards of the Bankruptcy Code, this Court must employ certain equitable principles. The Bankruptcy Code's primary purpose is to insure the discharge of the Debtor. Under § 523, the Bankruptcy Code recognizes that some debts are nondischargeable. Perhaps the most important provision concerning non-dischargeability is the provision concerning the nondischargeability of obligations for alimony and support. In fact, it is the only debt nondischargeable under § 523 that is also nondischargeable in a Chapter 13 case.

Added to the difficulty is the simple fact that Texas does not have alimony except in the form of contractual alimony. Notwithstanding the fact that Texas has no alimony provision, Texas courts frequently distribute community property or obligations arising from the community so as to provide support for a spouse. In such circumstances, this Court must act as a court of law and of equity.

As indicated above, the common law indicates that the Court may determine that distributions of community property in the State of Texas constitute, for purposes of § 523(a)(5), nondischargeable obligations for support or alimony. The divorce record is somewhat confused. Therefore this Court issues its ultimate ruling while wearing an equity hat. It seems most equitable to continue the $1,500.00 per month payment, but inequitable to apply interest to the payments, since the payments do not represent the present value of an asset.

It further seems appropriate to treat all prior payments as properly being payments on both obligations created by the support decree and apportion the prior payment to reduce both the dischargeable and the nondischargeable portions of the $150,000.00 obligation.

Finally, the debtor has counterclaimed for usury based upon an order submitted by counsel for Peggy Martin Calhoun. The Court has determined that the counterclaim for usury is without merit and will be denied.

Counsel for Peggy Martin Calhoun shall prepare an order consistent with this opinion.