WILSON, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 43. I concur in the majority's resolution of all issues in the appeal except the affirmance of the award of attorney's fees to Alicia. On that issue, I agree with Arthur that the parties' prenuptial agreement precludes the award. The parties' agreement states that, "[e]xcept as otherwise expressly provided,"
 

 each of the parties hereby WAIVES and RELEASES any and all rights in the real or personal property of the other, ... or which may be assertable against the other, which he or she shall acquire by reason of marriage to the other, ... whether now or hereafter acquired, including without limiting the generality of the foregoing, the following:
 

 ....
 

 5. Any right to receive support, temporary support, maintenance, separate maintenance, or alimony from the other during their marriage or following termination of their marriage, except as provided herein.
 

 ... The parties hereto covenant and agree and contract for adequate consideration, received, that in the event that either of them shall attempt to obtain a ... decree of separation or divorce ..., neither will seek any provision for any type of temporary or permanent support or maintenance or any form of alimony or any provision for the settlement of
 property rights of the parties, which is contrary to the provisions of this Agreement.... Alimony [provided for in this Agreement] is inclusive of all types of temporary and permanent support other than child support.
 

 ¶ 44. Under Mississippi law, an award of attorney's fees based on a spouse's inability to pay is a form of support. The Supreme Court has explained that Mississippi Code Annotated section 93-5-23 (Rev. 2015) grants "chancellors ... broad authority to make all orders touching the maintenance and alimony of a wife in a divorce proceeding."
 
 Dillon v. Dillon
 
 ,
 
 498 So.2d 328
 
 , 331 (Miss. 1986). The Court held that "[t]he scope of the statute is broad and includes granting chancellors the authority to award attorney[']s fees for divorce proceedings."
 

 Id.
 

 Thus, the court's authority to award attorney's fees in a divorce proceeding is a component of the court's statutory authority to award maintenance and support "as may seem equitable and just" under the circumstances.
 
 Miss. Code Ann. § 93-5-23
 
 .
 

 ¶ 45. Accordingly, the Supreme Court's statement in
 
 Haney v. Haney
 
 ,
 
 907 So.2d 948
 
 (Miss. 2005), that "[a]n award of attorney's fees is nothing more than equitable distribution of a different flavor,"
 

 id.
 

 at 957
 
 (¶ 41), was not novel or unprecedented. The Court explained that "[s]uch awards are justified when the equities suggest one party should assist the other, and the other party is unable to pay."
 

 Id.
 

 It is well-established that "[i]f a divorcing spouse is financially capable of paying his or her attorney's fees, an award of attorney's fees is not appropriate."
 
 Brooks v. Brooks
 
 ,
 
 652 So.2d 1113
 
 , 1120 (Miss. 1995). The fact that an award on this basis requires proof of "inability to pay,"
 

 id.
 

 , illustrates that such awards are in the nature of support.
 
 [6]
 
 Therefore, I would hold that an award of attorney's fees based on an inability to pay is barred by the provisions of the parties' prenuptial agreement waiving support, maintenance, and other rights in each other's property beyond what is provided for in the agreement.
 

 ¶ 46. The prenuptial agreement would not bar an award of attorney's fees based on a finding of contempt or under the Litigation Accountability Act or Rule 11, and the majority seems to suggest that the award was or could have been justified based on Arthur's "litigiousness."
 
 Ante
 
 at (¶¶ 31-32). In support, the majority quotes various allegations that "Alicia's counsel noted to the court," that "Alicia's counsel explained," or that "Alicia reiterates on appeal."
 

 Id.
 

 However, allegations made by counsel are not evidence,
 
 Mason v. State
 
 ,
 
 440 So.2d 318
 
 , 319 (Miss. 1983), and the chancellor did not find that Arthur or his attorney engaged in contumacious or otherwise sanctionable conduct. The award of attorney's fees was based solely on Alicia's inability to pay her attorney without making a withdrawal from her 401(k) account.
 

 ¶ 47. I would hold that the prenuptial agreement precludes an award of attorney's fees based on Alicia's alleged inability to pay. With that exception, I concur in the majority's resolution of the issues raised on appeal.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., JOIN THIS OPINION.
 

 Cf.
 

 In re Nunnally
 
 ,
 
 506 F.2d 1024
 
 , 1027 (5th Cir. 1975) (holding that an award of attorney's fees in a divorce that is based on the needs and circumstances of the parties is considered a nondischargeable "support" obligation in bankruptcy);
 
 see also
 

 Setser v. Piazza
 
 ,
 
 644 So.2d 1211
 
 , 1217 n.1 (Miss. 1994) ("It is ... settled that attorneys' fees, as a factor in balancing the parties' financial needs, are undischargeable in bankruptcy.").