In the Matter of Juan P. RODRIGUEZ, Debtor.

BRENNAN, STEIL, RYAN, BASTIN & MacDOUGALL, S. C., Plaintiff,

v.

Juan P. RODRIGUEZ, Defendant.

Adv. No. 82–0046.

United States Bankruptcy Court, W. D. Wisconsin.

Aug. 3, 1982.

---

David C. Moore, Brennan, Steil, Ryan, Basting & MacDougall, S. C., Janesville, Wis., for plaintiff.

Ronald J. Thompson, Madison, Wis., for defendant.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

On August 17, 1981 debtor Juan P. Rodriguez and Cheryl K. Rodriguez were granted a final divorce. The decree noted Cheryl's occupation to be housewife and ordered that Juan pay $160 a week for family support. The decree also divided the fairly negligible property of the parties. Finally, the decree ordered Juan to pay $600 to Brennan, Steil, Ryan, Basting and MacDougall, S.C. ("Brennan"), payable at the rate of $50 a month, as a contribution toward Cheryl's attorney's fees.

Juan filed a bankruptcy petition on November 16, 1981 on which he listed his debt to Brennan as an unsecured debt without priority of $600.[1] Brennan began this adversary proceeding with a complaint objecting to the discharge of its claim under 11 U.S.C. § 523(a)(5). Brennan argued that the debt is in the nature of maintenance, support or alimony and, therefore, is nondischargeable. Rodriguez argued that the award was not in the nature of alimony, maintenance or support, and further that only debts owed to a spouse directly could be excepted from discharge.

What constitutes alimony, maintenance or support is a federal, not state law question. *In Re Bailey*, 20 B.R. 906 (Bkrtcy.W.D.Wis.1982), *In Re White*, 9 B.R. 11 (Bkrtcy.E.D.Wis.1981). The determinative question is whether the award was made to discharge the state law duty of support. *In Re Warner*, 5 B.R. 434, 440, 6 B.C.D. 788, 791, [1978–1981 Transfer Binder] Bankr.L.Rep. (CCH) ¶ 67,631, at 78,-065 (Bkrtcy.D.Utah 1980).

In the present case, a need for support clearly existed. Cheryl is not employed outside the home and is the mother of a fourteen-year-old son. The court found it appropriate to award her direct maintenance. The order to pay the attorney's fees was not made with reference to the various assets of the party or discussed as a way of dividing property. It seems clear that in ordering Juan to pay attorney's fees, the divorce court was simply devising another way to provide for Cheryl. As the court in *In Re Knabe*, 8 B.R. 53, 56, 7 B.C.D. 185, 187, 3 C.B.C.2d 634, 638, [1978–1981 Transfer Binder] Bankr.L.Rep. (CCH) ¶ 67,747, at 78,398 (Bkrtcy.S.D.Ind.1980) noted:

Legal fees incurred by the wife, whether in divorce or other contexts, are viewed under domestic relations law as necessi-

1. On the bankruptcy schedules the debt was listed as owed to "Mr. James Walker." Presumably the debtor meant James Welker, an attorney with the Brennan firm.

ties which the husband must provide under his duty of support.

 This conclusion is bolstered by the criteria for awarding attorney's fees under Wisconsin law. Wis.Stat. § 767.262 provides

[t]he court, after considering the financial resources of both parties, may order either party to pay a reasonable amount for the cost to the other party of maintaining or responding to an action affecting the family and for attorney's fees to either party, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his or her name.

Thus, under Wisconsin law, an award of attorney's fees must be based on the financial circumstances of the parties.

 Once it is determined that the award of attorney's fees was for alimony, maintenance or support, the court must consider whether, because it is made directly payable to the wife's attorney, the award is dischargeable. Under 11 U.S.C. § 523(a)(5)(A) an award which is assigned to another entity, with one exception which is not germane, is dischargeable. A number of courts have held that an award of fees, payable to the attorney, has been assigned and is dischargeable. *In Re Delillo*, 5 B.R. 692, 7 B.C.D. 38, 2 C.B.C.2d 1045 (Bkrtcy.D. Mass.1980), *In Re Lang*, 11 B.R. 428 (Bkrtcy. W.D.N.Y.1981). However, I believe that the better approach was taken by the Second Circuit in *In Re Spong*, 661 F.2d 6 (2nd Cir. 1981), and by the Ninth Circuit Bankruptcy Appellate Panel in *In Re Gwinn*, 20 B.R. 233, 9 B.C.D. 147 (Bkrtcy. 9th Cir. 1982). In *Spong* the court first found that the award of attorney's fees, made payable to the attorneys, had been made for alimony or support. The court then turned to the issue of dischargeability. The court rejected the argument that the debt had been "assigned to another entity" within the definition of the statute:

We view appellee's undertaking to pay his wife's legal fees as a paradigmatic third party beneficiary contract, which is not, and should not be confused with, an assignment.... In a third party beneficiary contract, benefits flow to both the promisee and the third party, and either may sue to enforce the contract.... If appellee fails to satisfy his obligation to appellant, the third party beneficiary, appellee will, at the same time, fail to satisfy his obligation to his wife, the promisee. If appellee satisfies his obligation to appellant, appellee will by the same act satisfy his obligation to his wife. 661 F.2d at 10–11 (citations omitted).

The court continued:

We conclude that it would be exalting form over substance to fail to treat appellee's agreement to pay his wife's counsel fee as a 'debt ... to a spouse ... for alimony ... maintenance ..., or support,' and that, therefore, it is nondischargeable in bankruptcy. 661 F.2d at 11.[2]

Thus, in a case where an award of attorney's fees has been made for the purpose of providing support, their being payable directly to the attorney does not make the debt dischargeable. In the present case, the debt of $600 to Brennan must be declared nondischargeable. Judgment may be entered accordingly.

---

**2.** This approach appears to be sanctioned by the Seventh Circuit as well. In *In Re Coil*, 680 F.2d 1170, (7th Cir. 1982) the debtor husband had been ordered to hold his former wife harmless from certain marital debts and to pay her alimony. The bankruptcy court found the hold-harmless agreement to be part of an award of maintenance and support. It held that the hold-harmless provision had been agreed to by the wife in lieu of demanding further support and was not dischargeable. The Seventh Circuit affirmed the finding of nondischargeability without any discussion of the assignment issue.