**In re Kasper BARTH and Terry Lee Barth, Debtors.**

**Damon E. ANDERSON, Plaintiff,**

v.

**Kasper BARTH, Defendant.**

Bankruptcy No. 82–05188.
Adv. No. 82–7235.

United States Bankruptcy Court,
D. North Dakota.

Jan. 10, 1984.

## MEMORANDUM DECISION AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Complaint filed by the Plaintiff in the above-entitled adversary proceeding seeks to have a claim, resulting from legal services given to the Debtor's former wife, determined non-dischargeable under 11 U.S.C. § 523(a)(5).

Trial in this matter was held before the Honorable Harold O. Bullis on December 21, 1982, in Bismarck, North Dakota. The parties have consented to this Court rendering its decision on the basis of the record in the matter. After a review of the entire record of pleadings and proceedings, this Court finds the following:

The Defendant, Kasper Barth, was required by order of the North Dakota District Court in Grand Forks dated August 21, 1981, to pay Damon Anderson $1,696.80 (Exhibit 4). The payment which Kasper Barth was ordered to make was part of an award of costs and attorney's fees which Janice Barth had incurred throughout their divorce proceedings. Damon Anderson seeks a determination of the dischargeability of that debt.

■ The obligation to make alimony or support payments is not generally an obligation which can be discharged in bankruptcy. Section 523(a)(5) of the Bankruptcy Code provides:

A discharge under sections 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

If an award of attorney's fees is actually in the nature of maintenance or support, that obligation is not discharged in bankruptcy.

In *In re Rodriguez,* 22 B.R. 309 (Bkrtcy. W.D.Wisc.1982), the court held that where an award of attorney's fees has been made for the purpose of providing support, the debt will be found non-dischargeable even when the payments are to be made directly to an attorney. The court in *Rodriguez* recognized that under the applicable state law, an award of attorney's fees was required to be based on the financial circumstances of the parties. The award of attorney's fees was, therefore, determined in *Rodriguez* to be a non-dischargeable debt under section 523(a)(5)(A) of the Bankruptcy Code.

■ The present circumstances are similar to those addressed by the court in *Rodriguez.* Rule 8.2(c) of the North Dakota Rules of Court provides:

As a general rule, partial payments of attorney's fees and costs will be ordered if the financial statement sets forth facts establishing that the party has insufficient personal income or funds with which to pay attorney's fees and costs.

The financial statement contemplated by the rule is one filed with the court in conjunction with a motion for temporary support, custody, and attorney's fees. Since an award of attorney's fees in North Dakota must be based on the financial circumstances of the parties, this Court will find that an award of attorney's fees in North Dakota is in the nature of a support payment. In this instance, Janice Barth's ability to support her household would be surely burdened if she were required to pay what remains owing to her attorney, Damon Anderson.

For the reasons stated,

IT IS ORDERED that the $1,696.80 debt which Kasper Barth owes Damon Anderson is not dischargeable in his bankruptcy proceedings under section 523(a)(5) of the Bankruptcy Code.