In re HILLIUS FARMS, partnership consisting of Clarence O. Hillius, Paul G. Hillius, and Mavis M. Hillius; and Paul G. Hillius, Debtors.

**Donna D. HILLIUS, Plaintiff,**

v.

**Paul G. HILLIUS, Defendant.**

**Bankruptcy Nos. 81–05492, 81–05497.**
**Adv. No. 83–7332.**

United States Bankruptcy Court
D. North Dakota.

March 16, 1984.

Fintan Dooley, Bismarck, N.D., for defendant.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

On August 26, 1983, Donna Hillius filed a Complaint to determine whether the debt Paul Hillius owed her was non-dischargeable under section 523(a)(5) of the Bankruptcy Code. The Debtor, Paul Hillius, filed his Answer with the Court on September 29, 1983. A Stipulation of Facts was submitted to the Court on January 30, 1984, and both parties to this adversary have supplied to the Court their arguments in the form of briefs. From the evidence presented, the Court finds the facts relevant to a determination of the issue in this matter to be as follows:

## FINDINGS OF FACT

The Court adopts as its Findings those facts stipulated to and by the parties and filed with the Court January 30, 1984. In particular, the Plaintiff and Defendant were previously husband and wife. During the period of their relationship, two children were born. Donna Hillius commenced proceedings for dissolution of the marriage between the parties. An Amended Amended Judgment dated August 8, 1983, was entered in the civil proceedings for dissolution of the marriage. Pursuant to the Judgment dated August 8, 1983, Paul Hillius was obligated to pay to Donna Hillius $7,600.00 as and for alimony to be paid in ten (10) annual payments of $760.00 each. The Judgment also obligated Paul Hillius to pay to Donna Hillius the sum of $500.00 for partial attorney's fees. Paul Hillius has paid $100.00 towards the obligation for attorney's fees. The Debtor, Paul Hillius, filed for relief under the Bankruptcy Code on November 16, 1981.

## CONCLUSIONS OF LAW

The issue to be resolved in the present instance is whether the payments to Donna Hillius imposed upon the Debtor

Adair Boening, Dickinson, N.D., for plaintiff.

by the state court judgments are "actually in the nature of alimony, maintenance or support." 11 U.S.C. § 523(a)(5). Section 523 of the Bankruptcy Code provides, in part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

.    .    .    .    .    .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5). When determining whether a particular debt is actually a support obligation, the divorce decree's designation of those obligations does not control the bankruptcy court's determination. The crucial issue is the function the award was intended to serve. *See In re Williams*, 703 F.2d 1055, 1057 (8th Cir.1983). The Bankruptcy Court must look to all the circumstances surrounding the creation of the liability, not only to the divorce decree. Factors to be considered are the earning power of each spouse, the levels of education of each, the physical health of the parties, their present and probable future needs of support, and the fault of each for breaking up the marriage. *See In re Fox*, 5 B.R. 317 (Bkrtcy.N.D.Tex.1980). On the other hand, where the divorce decree is so unambiguous that the intent of the civil order is abundantly clear, this Court cannot overlook its purpose by relying on the factors enumerated in the *Fox* decision. The burden is on the party requesting a determination of non-dischargeability to prove that the award is actually in the nature of maintenance or support.

■ There are two distinct obligations which Donna Hillius requests that the Court determine are non-dischargeable: the $7,600.00 award of alimony to be paid in ten (10) annual installments, and the $400.00 remaining to be reimbursed to Donna Hillius for legal fees which she incurred during the dissolution proceedings. This Court has previously determined that an award requiring reimbursement of legal fees incurred during dissolution proceedings is in the nature of a support obligation. *See In re Barth*, 37 B.R. 357 (Bkrtcy. D.N.D.1984). The obligation to pay attorney's fees arising out of dissolution proceedings is in the nature of a support obligation even where the obligation is directly to the spouse's attorney. Accordingly, the $400.00 owed to Donna Hillius for reimbursement of legal fees is non-dischargeable as in the nature of a support obligation.

■ Paul Hillius asserts that although the $7,600.00 obligation is designated as an award of alimony, the obligation was calculated by dividing the estimated worth of the parties' jointly-held real property. Donna Hillius contends, however, that the award is clearly designated as an award of alimony, which takes precedence over any discussions or negotiations which took place prior to the settlement reached between the parties in their dissolution proceedings.

The Court in this instance must find that the obligation imposed upon Paul Hillius to pay $7,600.00 as alimony is actually in the nature of a property settlement. The obligation which in this instance was designated as an award of alimony does not end with the remarriage of Donna Hillius or the death of either spouse. Such conditions would readily evidence that the obligation is in the nature of a support award. Further, the Plaintiff has not proven to this Court additional circumstances which would support a finding that the award of alimony is indeed a support obligation. *See In re Fox*, 5 B.R. at 321.

Accordingly, and for the reasons stated, IT IS ORDERED:

That the obligation of Paul G. Hillius to Donna D. Hillius is non-dischargeable in the amount of $400.00.