**In re Field McCONNELL, Debtor.**

**Carol Renee McCONNELL, Plaintiff,**

**v.**

**Field McCONNELL, Defendant.**

**Bankruptcy No. 87–05991.**
**Adv. No. 88–7018.**

United States Bankruptcy Court,
D. North Dakota.

June 3, 1988.

Thomas R. Kibler, Fargo, N.D., for defendant.

Steven McCollough, West Fargo, N.D., for plaintiff.

## MEMORANDUM OPINION

WILLIAM A. HILL, Bankruptcy Judge.

This adversary proceeding was commenced by Complaint filed February 12, 1988, by which the Plaintiff, Carol Renee McConnell, seeks a determination that certain divorce decree payments awarded her in a 1987 divorce from the defendant, Field McConnell, are in the nature of alimony and support and thus nondischargeable under section 523(a)(5) of the Bankruptcy Code. In six counts, the Plaintiff pleads that: an $8,200 attorney fee award is alimony; an $11,000.00 cash award is alimony; the failure to pay the $11,000.00 constituted a conversion under section 523(a)(6); the $11,000.00 award gave rise to a constructive trust in favor of the Plaintiff; the $11,000.00 award gave rise to an equitable lien and also gave rise to a right of setoff in favor of the Plaintiff.

By Memorandum and Order entered May 20, 1988, the United States Magistrate granted partial summary judgment in this case. The order awards Carol nondischargeability as to attorney's fees, costs and advanced education, dismisses the allegation of conversion and reserves for trial the issue of the $11,000.00 cash award and whether it gave rise to a constructive trust, an equitable lien or right of setoff.

A stipulation of uncontested facts was submitted in advance of the trial which was conducted by the undersigned on May 23, 1988.

At the conclusion of Carol's case, the court entertained Field's motion for dismissal as regards the issues of constructive trust, equitable lien and setoff. As a consequence, the only issue remaining for resolution is whether the $11,000.00 cash award is nondischargeable support or instead a dischargeable property settlement. From the evidence presented at trial and the stipulation of facts, the court finds the relevant facts as to this remaining issue to be as follows: [1]

### Findings of Fact

On June 19, 1986, after eleven years of marriage, Carol commenced a divorce action which culminated in an amended judgment and decree being entered by the North Dakota State District Court for Cass County on September 8, 1987. As material to the present issue, the judgment provided in paragraph 4 thereof, "That the defendant shall pay to the plaintiff on or before June 1, 1987, the sum of $11,000.00". The award was not expressly denoted as alimony or support nor was it expressly referred to in any other paragraph of the decree.

At the time of the decree, and as specifically found by the state judge, Carol was thirty-two years old, in good health and a college graduate who had been employed for seven years as a high school teacher earning in her last year of employment the amount of $19,000.00. For a period of four years thereafter she was a full time homemaker, eventually resuming employment in January 1986 as director of voluntary services for Bethany Homes where she remains today. At the time of the divorce her gross salary was $17,400.00 and today it is $19,300.00. At the time of the divorce Carol had lost her teaching certification, a requirement necessary for re-entry into the profession. Re-certification, as noted by the divorce court, would require nine se-

1. The facts as relevant to the Magistrate's summary judgment decision are not set forth herein.

mester hours at a cost of $3,000.00. Presently Carol is taking an upper level education course but not seriously pursuing re-certification or re-entry into the teaching profession at this time.

At the time of the divorce Field was thirty-seven years old, in good health, and a graduate of the United States Naval Academy. Since 1977 he has been employed as a commercial airline pilot with a net monthly income of $3,500.00. He also was, and remains, a member of the North Dakota Air National Guard with a net monthly income of $2,000.00. The parties have one child who at the time of the divorce was three years of age.

Although the parties had entered into settlement discussions at various times during the divorce process, they were apparently able to come to substantial agreement only as to custody, child support and division of the retirement plans. Other issues, including property division, remained for trial resolution. Although at one point prior to the divorce trial Carol requested a $20,000.00 cash payment, this request was designated as a property distribution. During trial no request was ever made for alimony and according to Carol, the parties left it up to the court what the property distribution ought to be.

The $11,000.00 cash award was a determination of the state district court judge, made after hearing the parties testimony and examining the exhibits, including a statement of assets and liabilities provided the court pursuant to Rule 8.3 of the North Dakota Rules of Court. This statement sets forth in detail the parties' assets inclusive of their house, cash, pension plans and personal effects as well as their liabilities. The state court, in its amended findings of fact, found the marital estate of approximately $157,420.00 consisting primarily of fixed assets to be possessed of very little equity. From the Rule 8.3 statement the hosue was valued at $189,000.00 with a $121,000.00 mortgage against it. Cash assets totaled $6,920.00. The Republic Airlines and Guard pensions totaled $48,377.00. Merrill Lynch IRA's worth $20,185.00 included Field's of $8,276.00 and

Carol's at $11,909.00. Personal effects totaling $38,755.00 include furniture worth $11,410.00, six vehicles worth $22,000.00 and silver worth $4,545.00.

In addition to the mortgage obligation, the parties listed other debts totaling $67,527.00.

In the divorce decree, the court split all pension plans 50/50. An itemized award of property was made to Carol including a $375.00 checking account, an IRA account of $11,909.00, a $9,500.00 automobile, all silver valued at $4,545.00 and a considerable amount of furniture. Whether the award of furniture constituted the bulk of the furniture listed in the 8.3 statement cannot be discerned from the court's decree. However, at the time of trial Carol testified that she was awarded one-half of the furniture and Field opined that she got more than her fair share. From these remarks the court concludes that the divorce court's award of furniture was intended as one-half of the value set forth in the 8.3 statement. Thus, Carol received $5,705.00 in furniture.

Field was awarded all other remaining real and personal property free and clear of any claim of Carol's. He also assumed all debts listed in the 8.3 statement which totaled $188,527.00.

From the foregoing review, the division appears as follows:

| Carol | | Field | |
|---|---|---|---|
| Cash | $ 375.00 | Cash | $ 6,545.00 |
| IRA | 11,909.00 | House | 189,000.00 |
| Furniture | 5,705.00 | IRA | 8,276.00 |
| Silver | 4,545.00 | Furniture | 5,705.00 |
| Automobile | 9,500.00 | Automobiles | 13,300.00 |
| Total value of distribution | $ 32,034.00 | Total | $222,826.00 |
| | | Less liability | 188,527.00 |
| | | Total value of distribution | $ 34,299.00 |

In addition, Carol was to receive the $11,000.00 cash which is now in issue.

Field failed to pay Carol the $11,000.00 causing her to pursue a money judgment against him. On October 29, 1987, the state court awarded her a money judgment in the sum of $11,271.23 at 12% interest. His failure to make the payment also precipitated a post-divorce modification in the

$11,000.00 award. On November 5, 1987, the state court, in connection with a contempt proceeding, modified paragraph 4 of its conclusions of law so as to provide Carol "as security for payment of the cash sum of $11,000.00, a 1976 Chevrolet pickup, a 1978 Corvette, a 1969 Chevrolet Camaro, a 1968 Chevrolet 4-door, a 1978 Lincoln Continental, subject to present encumbrances of record."

### Conclusions of Law

■ 11 U.S.C. § 523(a)(5) excepts from discharge any debt owed to a spouse or former spouse for alimony to, maintenance for, or support of such spouse irrespective of whether or not the decree determining the obligation labels it as such. The crucial issue is the function the award was intended to serve. *In re Williams*, 703 F.2d 1055, 1057 (8th Cir.1983). If the answer is not obvious from the language of the decree then it is appropriate for the court to examine the circumstances surrounding the creation of the liability. Relevant factors may include the parties' earning power, educational levels, physical health, anticipated support needs, factors contributing to the marriage dissolution, whether the obligation terminates upon death or remarriage, whether the payment applies to balance disparate incomes, whether the payment is in installments, the terms of the final decree and the manner of enforcement. *In re Seablom*, 45 B.R. 445, 450 (Bankr.D.N.D.1984); *In re Hillius Farms*, 38 B.R. 334 (Bankr.D.N.D.1984); *Matter of In re Midnet*, 84 B.R. 776 (Bankr.M.D.Fla. 1988). As stated in *In re Williams*, the inquiry is to be made "in light of all the facts and circumstances relevant to the intention of the parties", 703 F.2d at 1056–58. Irrelevant to such inquiry, however, are the parties' circumstances subsequent to entry of the divorce decree. To broaden the scope of the inquiry in this fashion would, in effect, expand the dischargeability issue into an assessment of ongoing financial circumstances which would inject the federal courts into domestic matters. The Eighth Circuit in *Draper v. Draper*, 790 F.2d 52 (8th Cir.1986), has said that such a "needs" test is inappropriate in section 523(a)(5) actions. Accordingly, what has occurred in the personal and financial lives of Carol and Field McConnell since their divorce has no bearing upon whether the $11,000.00 cash award is or is not alimony. It is the facts and circumstances surrounding the creation of the award itself that are germane.

■ Looking to those circumstances we, first of all, notice that during divorce negotiations no demand for alimony was ever made and that the divorce court, mindful of the parties' educational levels and the cost of Carol's teacher re-certification, made her a specific cash award so that she could become re-certified as a teacher. The divorce court also adopted the parties' stipulated child support arrangement which, by no means, is insubstantial and must be regarded as completely adequate for the child's present and future support.

The district court, in its original findings of fact and conclusions of law entered May 27, 1987, as well as in its amended findings entered September 8, 1987, made particular reference to the parties' stipulated list of assets and liabilities, particularly noting the relative lack of equity and liquidity. In awarding specific items of property to Carol and the remaining items to Field, this court believes that the divorce court did so by reference to the Rule 8.3 statement. Rule 8.3 of the North Dakota Rules of Court requires in all contested divorce cases that the parties jointly prepare and submit to the court a list of their assets and liabilities. The purpose in requiring an agreed upon statement of assets and liabilities is so that the divorce court, in arriving at a division of the disputed property in a manner consistent with the responsibilities enunciated in N.D.Cent.Code § 14–05–24, will have knowledge of what the marital estate consists of without the necessity of testimony or appraisers. *See generally, Glass v. Glass*, 344 N.W.2d 677 (N.D.1984).

Section 14–05–24 of the North Dakota Century Code requires trial courts in divorce cases to make an equitable distribution of the real and personal property as is just and proper. The statute merely requires the court to make an equitable divi-

sion as appropriate to the circumstances. In the instant case it appears from the facts that the parties had reached no particular agreement except as to child support and left all other issues, including the issue of property division, entirely up to the judge. After making a division in reliance upon the Rule 8.3 statement, it appears that the additional award of $11,000.00 was made as a means of effecting an equitable division of the property consistent with section 14–05–24. As noted by the divorce court in paragraph 40 of the amended findings of fact, the parties' assets were relatively fixed with most of the liquidity going to the plaintiff, Carol. Without a $11,000.00 cash payment to Carol the liquidity would decidedly have been in Field's favor since he was awarded cash of $6,500.00 and an IRA of $8,276.00 against Carol's cash and IRA in the aggregate of $12,275.00. As a percentage of total distribution, Carol's liquidity would have been 38% against Field's of 43%. The $11,000.00 cash payment was intended as a property division and nothing more.

This conclusion is further buttressed by the fact that the payment does not terminate upon Carol's death or remarriage. As this court noted in the *Seablom* and *Hillius* cases, an obligation which does not terminate upon death or remarriage is an indicia of a property settlement. The North Dakota Supreme Court, construing similar cash payment clauses, has also regarded such clauses to be in the nature of property settlements when they do not terminate with death or remarriage. *See Seablom v. Seablom,* 348 N.W.2d 920 (N.D.1984).

Post-decree events also lead one to this conclusion. Carol pursued a civil contempt citation against Field as provided for by N.D.Cent.Code § 14–05–25.1. This section provides that a failure to comply with the provisions of a decree relating to distribution of property may be punished as a civil contempt. Pursuit of this remedy suggests that at the time Carol herself regarded the award as a property distribution.

Although the paragraph 4 provision for a cash payment is dischargeable as a property distribution, the paragraph as modified by the divorce court's November 5, 1987, order afforded Carol security for the payment. This security, doubtless provided pursuant to N.D.Cent.Code § 14–05–25, constitutes a judicial lien which attached to the five vehicles enumerated therein. Whether or not this lien may be avoided in any respect will not be addressed in the context of this opinion.

Accordingly, and for the reasons stated herein, judgment may be entered in favor of the defendant, Field McConnell, and against the plaintiff, Carol McConnell, dismissing counts two, three, four, five and six of her complaint. As to count one, judgment of nondischargeability may be entered in favor of the plaintiff, Carol McConnell, consistent with the United States Magistrate's memorandum entered May 20, 1988.

SO ORDERED.