**In re Walter P. BEREZIAK, Debtor.**

**Irena Plachta BEREZIAK**

**v.**

**Walter P. BEREZIAK.**

Civ. A. No. 93–2978.
Adv. No. 92–2251.

United States District Court,
E.D. Pennsylvania.

Oct. 28, 1993.

---

534

Charles L. Powell, John A. Wetzel, Swartz, Campbell & Detweiler, Philadelphia, PA, for plaintiff.

Allen B. Dubroff, Astor, Weiss & Newman, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This case has been brought before this Court upon appeal of the bankrupt debtor, Walter P. Bereziak, from the April 14, 1993 order of Chief Bankruptcy Judge Twardowski finding that Mr. Bereziak's obligation to pay the sum of $2,500 per month to his former wife under the terms of a property settlement agreement is not dischargeable in bankruptcy. For the reasons outlined below, the decision of the bankruptcy judge is affirmed.

### I. HISTORY OF THE CASE

A brief synopsis of the relevant history of this case is central to a thorough understanding of the issues raised in this appeal. The parties were married in June, 1977 and divorced in August, 1988. Pursuant to and incorporated into their divorce decree, Mr. and Mrs. Bereziak entered into a property settlement agreement which in addition to providing for the division of their real and personal marital property set forth the following at paragraphs 14 and 15:

14. *Husband's Monthly Support Payments To Wife.* Beginning November 1, 1987, and every month thereafter on the first day of the month until such time as a divorce decree is entered, or until Husband begins to make the interest payments under Provision 15 below, whichever first occurs, Husband agrees to pay to Wife the sum of Two Thousand Five Hundred Dollars ($2,500.00) per month by depositing said sum into an account designated by Wife.

15. *Interest.* After Husband is no longer obligated to make the monthly support payments of Two Thousand Five Hundred Dollars ($2,500.00) to Wife described in provision 14 above, Husband shall pay to Wife Two Thousand Five Hundred Dollars ($2,500.00) per month interest, until such time as Husband pays Wife the Three Hundred Thousand Dollars ($300,000.00) described in Provision 13 above.

Walter Bereziak filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code on December 17, 1990 and Irena Plachta Bereziak filed an adversary proceeding in the Bankruptcy Court at No. 92–2251 seeking to have her former husband's $300,000 obligation, of which $270,000 was still unpaid, declared a non-dischargeable duty of support. Following a full hearing on October 26, 1992 at which both parties testified, Judge Twardowski found that the debt was in the nature of a maintenance or support obligation for the debtor's former spouse and was therefore nondischargeable in bankruptcy. Mr. Bereziak thereafter appealed to this Court.

### II. DISCUSSION

In this case, this court, like the bankruptcy court, is called upon to interpret the meaning of 11 U.S.C. § 523(a)(5) which states:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any other debt which has been assigned to the Federal Government or to a State or any political subdivision of such state); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

Preliminarily, it must be noted that bankruptcy courts and state courts exercise concurrent jurisdiction over the question of whether a particular obligation is dischargeable under section 523(a)(5) of the Bankruptcy Code and once the issue of dischargeability

has been fully and fairly litigated in one forum, the parties are collaterally estopped from relitigating the issue in the other forum. *Deichert v. Deichert,* 402 Pa.Super. 415, 587 A.2d 319, 322 (1991). The determination as to whether a particular obligation is in the nature of alimony, maintenance or support for bankruptcy purposes is a question of federal, not state law. Thus, a debt may qualify as alimony, maintenance or support for purposes of § 523(a)(5), even if it does not legally qualify as such under state law. *Sylvester v. Sylvester,* 865 F.2d 1164, 1166 (10th Cir.1989); *In Re Marker,* 139 B.R. 615, 621 (Bankr.W.D.Pa.1992); *In Re Jenkins,* 94 B.R. 355, 359 (Bankr.E.D.Pa.1988).

■ Fed.R.Bankr.P. 8013 sets forth the principles to be applied by the district courts in ruling upon appeals from the decisions rendered by bankruptcy courts. Specifically, that rule states that "on an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Stated otherwise, because the right to a discharge in bankruptcy is a matter generally left to the sound discretion of the bankruptcy judge, we disturb this determination only if we find the decision to have been clearly erroneous and the result of a gross abuse of discretion. *See: In Re Morel,* 983 F.2d 104, 105 (8th Cir.1992); *Shaver v. Shaver,* 736 F.2d 1314, 1316 (9th Cir.1984). In this regard, it has been held that the bankruptcy court's factual findings are only clearly erroneous for appellate purposes when, although there is evidence to support those findings, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. This standard precludes the district court from reversing the bankruptcy court's decision if its account of the evidence is plausible even if this court is convinced that it would have weighed the evidence differently. *In Re B. Cohen & Sons Caterers, Inc.,* 108 B.R. 482, (E.D.Pa.1989), appeal dismissed, 908 F.2d 961 (3rd Cir.1990), aff'd, 944 F.2d 896 (3rd Cir.1991) quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). It is the party who objects to the discharge of a particular debt in bankruptcy who bears the burden of proving nondischargeability. *In Re Gianakas,* 917 F.2d 759, 761 (3rd Cir.1990); *In Re Jenkins, supra,* at 359.

■ In determining whether specific obligations are excepted from discharge in bankruptcy, courts are admonished to balance two competing policies. One is the fresh start principle which is basic to bankruptcy law while the other is the clear Congressional policy of giving first priority to the adequate financial maintenance of a debtor's children and ex-spouse. *Buccino v. Buccino,* 397 Pa.Super. 241, 580 A.2d 13, 18 (1990) citing *In Re Schmiel,* 94 B.R. 373, 377 (Bankr.E.D.Pa.1988). Basic to the resolution of the dischargeability of a particular marital obligation is the concept that the substance and function of the debt will control rather than its form or appellation. *Id.*

■ Whether an obligation is in the nature of alimony, maintenance or support, as distinguished from a property settlement however, depends on a finding as to the intent of the parties at the time of the settlement agreement. *In Re Gianakas, supra,* at 762. That intent can best be found by examining three principal indicators. First, the court must examine the language and substance of the agreement in the context of surrounding circumstances, using extrinsic evidence if necessary. *Id.* As the Pennsylvania Superior Court has observed, even an obligation designated as property settlement may be related to support because state courts often will adjust alimony awards depending on the nature and amount of marital assets available for distribution. In fact, property division often achieves the same goal as alimony, i.e., support. *Gianakas,* at 763 citing *Buccino,* 580 A.2d at 18–19.

■ The second factor which must be considered in ascertaining the true nature of a given obligation is the financial circumstances of the parties at the time the decree

was issued. The fact that one spouse had custody of minor children, was not employed or was employed in a less remunerative position than the other spouse are aspects of the parties' financial circumstances at the time the obligation was fixed which shed light on the inquiry into the nature of the obligation as support. *Gianakas,* at 763 citing *Shaver v. Shaver,* 736 F.2d 1314, 1317 (9th Cir.1984).

Finally, the third factor is the function served by an obligation at the time of the divorce or settlement. An obligation that serves to maintain daily necessities such as food, housing and transportation is indicative of a debt intended to be in the nature of support. *In Re Marker,* 139 B.R. 615, 622 (Bankr.W.D.Pa.1992) citing *Gianakas* at 763. *See Also: In Re Pollock,* 150 B.R. 584, 590 (Bankr.M.D.Pa.1992).

Reviewing the record in the matter at bar in light of all of the foregoing legal standards, we cannot find that Chief Bankruptcy Judge Twardowski's April 14, 1993 order declaring Mr. Bereziak's $270,000 debt to Mrs. Bereziak nondischargeable in bankruptcy is clearly erroneous. Specifically, the record reveals that, at the time these parties executed the property settlement agreement, Mrs. Bereziak was not working, although she had worked from February through June of 1988 as a sixth grade teacher at a Catholic school earning $200 per week. Mr. Bereziak, on the other hand, was earning approximately $70,000 per year and had a net worth at that time of some $200,000. Both Walter and Irena Bereziak testified that she had a long history of diabetes which required her to expend substantial sums of money for insulin and other medications, a glucometer, syringes, glucose tablets, monitoring strips and doctor visits and required at least one hospitalization per year.

The record also reveals that Mrs. Bereziak, who was unrepresented at the time the settlement agreement was presented to her, had some ambivalence about signing the property settlement agreement which had been prepared by her husband's attorney and which called for her to relinquish any and all rights which she may have had in some 48 real properties, her husband's business, all stocks, bank accounts and certificates of deposit acquired during the marriage and to the 1988 Jaguar and 1985 Mercedes Benz automobiles in exchange for the 1986 Datsun 300 ZX, the 1987 Subaru Station Wagon, and the payment of $300,000 within 18 months of the date of the execution of the agreement. Nevertheless, she testified, she agreed to sign the agreement because her husband had repeatedly assured her that "he would take care" of her and that the provision in the agreement labelled "interest" was for support. Moreover, it is clear from the testimony of both Mr. and Mrs. Bereziak that after the divorce, Mrs. Bereziak used the $2,500.00 per month "interest" payments to pay for her rent, food, entertainment, medical supplies, doctor's visits and car expenses and that after she moved back to the Philadelphia area in the fall of 1988, she moved into what appears to be a condominium unit which was owned by Mr. Bereziak, that he deducted her rental and insurance costs from the monthly "interest" payments that he owed her and that he continued to manage her money for her. Finally, as Judge Twardowski observed in his April 14, 1993 order, by the debtor's own admission, "knowing my wife's spending habits, it was my intent to give her whatever dollars she needed." While Mr. Bereziak also testified that the $2,500 per month interest payments were "always intended to be property settlement," we note that it was Judge Twardowski, and not the undersigned, who had the opportunity to observe and hear these two witnesses and to assess their credibility. Although we believe that the bankruptcy court's ruling could have gone either way in this case, we nevertheless find that this record amply supports the conclusion that these parties intended that the monthly interest payments on the $300,000 lump sum payment operate and functioned as support for the wife-plaintiff. Accordingly, no basis exists on the face of this record upon which this court can find that that decision is clearly erroneous or is the result of an abuse of discretion. For this reason, we decline to disturb the bankruptcy court's decision that the debt in question is nondischargeable.